■ HARRY NORTH, Respondent, v SONNY G. OSTROW, Appellant. [766 NYS2d 390] —Kane, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 10, 2002 in Ulster County, which denied defendant's motion to vacate a default judgment entered against her.

In October 1994, defendant borrowed $35,000 from plaintiff and executed a promissory note evidencing the debt. In May 2000, after defendant failed to repay the loan by the maturity date, plaintiff commenced an action seeking to recover the loan amount plus costs and interest. In June 2000, defendant was personally served with a copy of the summons and complaint at her residence in Florida. As the result of her failure to appear, plaintiff obtained a default judgment against defendant in the amount of $67,617.34. In August 2000, a copy of the judgment was mailed to defendant in Florida. A Florida court subsequently recognized it as a judgment enforceable there. In January 2002, however, defendant made a pro se motion to vacate the default judgment. Supreme Court denied the motion, resulting in this appeal.

We affirm. While defendant contends that she was not properly served with process and thereby attempts to assert lack of jurisdiction as a basis for vacating the default judgment under CPLR 5015 (a) (4), the record contains affidavits of personal service and certified mailing establishing that defendant was, in fact, served with a copy of the summons and complaint in Florida. Defendant has failed to substantiate her conclusory assertion that she was not properly served. In addition, although defendant contends that she is old and infirm and has a meritorious defense to the action, these are not independent grounds for vacating the default judgment under CPLR 5015 (a). To the extent that defendant's claim of a meritorious defense is an attempt to demonstrate excusable

default under CPLR 5015 (a) (1), we note that defendant did not make her motion within one year of being served with a copy of the judgment. Accordingly, we find no reason to disturb the denial of her motion.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.